**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| |
|---|
| UNITED STATES OF AMERICA, |
| **Plaintiff,** |
| **v.** |
| JAIME BAUZO-SANTIAGO |
| **Defendant.** |

**CASE NO.** 12-CR-602-01(FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

The government filed a motion *in limine* to preclude defendant Jaime Bauzo-Santiago from introducing, through the testimony of law enforcement agents, a statement that the defendant made to law enforcement agents. (Docket No. 88.) The defendant opposed the motion. (Docket No. 107.) The Court then ordered the government to identify the specific statement that it seeks to exclude (Docket No. 108), and the government submitted a motion in compliance with the order (Docket No. 110). For the reasons that follow, the Court **GRANTS** the government's motion *in limine*.

**I.   BACKGROUND**

On July 25, 2012, Puerto Rico Police Department ("PRPD") agents arrested defendant Bauzo after seeing him toss a firearm into a black Mercedes SUV. (Docket No. 110 at ¶ 4.) According

to a Report of Investigation ("ROI") prepared by Bureau of
Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent
Peter Bondjuk, the PRPD agents transported defendant Bauzo to
the police station, advised him of his rights, and conducted an
interview, during which time defendant Bauzo made incriminating
statements.  (Docket No. 27-1 at ¶ 5.)  The statements are
reported in the ROI as follows:

> SANTIAGO admitted the firearm recovered by PRPD was
> his firearm, and he had bought the firearm on the
> street.  SANTIAGO further admitted he possessed the
> firearm for the purpose of protection because he sells
> jewelry and clothes.

Id.  ATF agents Bondjuk and Gomila then arrived at the police
station, advised defendant Bauzo of his rights, and interviewed
him.  Id. at ¶ 6.  The statements that defendant Bauzo made to
ATF agents Bondjuk and Gomila are reported in the ROI as
follows:

> BAUZO-SANTIAGO admitted he was outside of a residence
> near where his vehicle was parked when the police made
> contact with him.  BAUZO-SANTIAGO further explained
> that all the doors of the vehicle were locked except
> for the driver's side door.  BAUZO-SANTIAGO stated he
> did not know where the firearm recovered on the
> floorboard of his vehicle came from.

Id.

The government moves *in limine* to preclude the defendant
from introducing defendant Bauzo's statement that "*he did not
know where the firearm recovered on the floorboard of his
vehicle came from*."  (Docket No. 110 at ¶ 7.)  The government

contends that the statement, if introduced by defendant Bauzo through the testimony of law enforcement agents, is inadmissible hearsay.  Id. at ¶ 8.

## II.  ANALYSIS

### A.  Hearsay

Hearsay evidence is inadmissible unless a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provide otherwise.  Fed. R. Evid. 802. Hearsay is an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  An out-of-court statement made by a party and offered against that party, however, is not hearsay.  Fed. R. Evid. 801(d)(2)(A).

Thus, statements made by a defendant to law enforcement agents, when offered by the government against him or her are admissible because they are not hearsay.  See id.  If a defendant wishes to introduce any of his or her own out-of-court statements, however, he or she must prove that the evidence is either not hearsay or otherwise admissible.  See Fed. R. Evid. 802.  Defendant Bauzo argues that, depending on the government's presentation of evidence, his out-of-court statement could be admissible (1) for purposes other than to prove the truth of the matter asserted, or (2) pursuant to the

rule of completeness.   (Docket No. 107 at ¶¶ 5-6.)   The Court
will address each of the defendant's arguments in turn.

**B.   Introducing the Statement for Purposes Other than to Prove the Truth of the Matter Asserted**

Defendant Bauzo argues that if "the government
presents to the jury witnesses that will testify about
admissions of guilt by the defendant, the cross examination
could elicit the [defendant's] statement, not for the truth of
the matter, but as an ancillary matter to cross-examination."
The Court interprets this argument as suggesting that the
defendant could elicit defendant Bauzo's out-of-court statement
during cross-examination of government witnesses to impeach the
witnesses.   This argument fails.   "Whereas an inconsistent
statement by a testifying witness can be used to impeach that
witness's credibility, an inconsistent account by another source
is offered to show an alternative view of the truth."   Bemis v.
Edwards, 45 F.3d 1369, 1372 (9th Cir. 1995); see also United
States v. Hudson, 970 F.2d 948, 956 (1st Cir. 1992)
("Impeachment evidence . . . is admitted not for the truth of
the matter asserted but solely for the fact that the witness'
trial testimony is less believable if he has made inconsistent
statements about the matter on earlier occasions.").   Thus, if a
government witness testifies on direct examination that a
defendant made an incriminatory statement, an attempt to elicit

the defendant's exculpatory statement during cross-examination would function as impeachment only to the extent that the exculpatory statement is being offered for its truth: it would be contradictory evidence "to show an alternative view of the truth." See Bemis, 45 F.3d at 1372.  The Court therefore finds that defendant Bauzo's statement, if elicited by defendant Bauzo, is hearsay because it is an out-of-court statement offered for the truth of the matter asserted in the statement.[1] See Fed. R. Evid. 801(c).  The Court now turns to whether this hearsay evidence would be admissible pursuant to the rule of completeness.

**C.   Introducing the Statement Pursuant to the Rule of Completeness**

Defendant argues that if "the government presents [ATF Special Agents] Bondjuk or Gomila as witnesses to prove the defendant admitted presence and ownership of the vehicle, the statement could come in under the rule of completeness."  Docket

---

[1] The Court recognizes that this analysis may be different if ATF Special Agent Bondjuk's testimony is inconsistent with the ROI that he prepared.  For example, if Special Agent Bonjuk testifies that, during defendant Bauzo's interview with ATF agents, he stated that he *did* know where the firearm recovered from his vehicle came from, this would be inconsistent with Bondjuk's statement in the ROI that "BAUZO-SANTIAGO stated he did not know where the firearm recovered on the floorboard of his vehicle came from."  See Docket No. 27-1 at ¶ 6.  The Court declines to decide at this time whether the Court would permit defendant Bauzo to use the ROI to impeach Bondjuk in those circumstances.  If Bondjuk testifies inconsistently, defendant Bauzo may raise the issue at the appropriate time during trial.

No. 107 at ¶ 5.   The rule of completeness is a common law
doctrine partially codified in Federal Rule of Evidence 106
("Rule 106").   See United States v. Lopez-Medina, 596 F.3d 716,
734 (10th Cir. 2010).   Rule 106 provides as follows: "If a party
introduces all or part of a writing or recorded statement, an
adverse party may require the introduction, at that time, of any
other part--or any other writing or recorded statement--that in
fairness ought to be considered at the same time."   Fed. R.
Evid. 106.   Although Rule 106 "does not apply to testimony about
unrecorded oral statements," courts have discretion pursuant to
Federal Rule of Evidence 611(a) to apply the rule of
completeness to oral statements.[2]   United States v. Verdugo, 617
F.3d 565, 579 (1st Cir. 2010) (citing Lopez-Medina, 596 F.3d at
734).

     The First Circuit Court of Appeals has held that "the
rule of completeness may be invoked to facilitate the
introduction of otherwise inadmissible evidence."   United States
v. Bucci, 525 F.3d 116, 133 (1st Cir. 2008) (acknowledging that
other circuits have held differently).   The rule of completeness
"does not permit the admission of otherwise inadmissible

---

[2] Federal Rule of Evidence 611(a) provides as follows: "The court
should exercise reasonable control over the mode and order of
examining witnesses and presenting evidence so as to: (1) make
those procedures effective for determining the truth; (2) avoid
wasting time; and (3) protect witnesses from harassment or undue
embarrassment."   Fed. R. Evid. 611(a).

evidence simply because one party has referred to a portion of such evidence, . . . rather, it operates to ensure fairness where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full text of the out-of-court statement." United States v. Simonelli, 237 F.3d 19, 28 (1st Cir. 2001) (quoting United States v. Awon, 135 F.3d 96, 101 (1st Cir. 1998) abrogated on other grounds by United States v. Piper, 298 F.3d 47 (1st Cir. 2002)).

According to the information before the Court at this time, defendant Bauzo made three statements to ATF Special Agents Bondjuk and Gomila: (1) that "he was outside of a residence near where his vehicle was parked when the police made contact with him," (2) that "all the doors of the vehicle were locked except for the driver's side door," and (3) that "he did not know where the firearm recovered on the floorboard of his vehicle came from."  (Docket No. 27-1 at ¶ 6.)  If ATF agents testify as to the first two statements and do not testify as to the third statement, the Court fails to see how such an omission creates a "misunderstanding or distortion."  See Simonelli, 237 F.3d at 28.  Specifically, both the first and third statements consistently indicate that it is "his vehicle."  Further, the first two statements do not mention the firearm, as the third statement does.  Thus, if ATF Special Agents Bondjuk and Gomila testify that defendant Bauzo admitted to being near the

defendant's vehicle when police made contact with him, the rule of completeness would not permit defendant Bauzo to elicit testimony from the ATF agents that he stated that he did not know where the firearm came from.

In addition, the Court finds that the rule of completeness does not apply to defendant Bauzo's two separate interviews. When defendant Bauzo was interviewed by PRPD agents before ATF agents arrived at the police station, he admitted that the firearm was his. (Docket No. 27-1 at ¶ 5.) Then, in a separate interview with ATF agents, defendant Bauzo stated that he did not know where the firearm recovered from his vehicle came from. Id. at ¶ 6. The Court views these as two separate and distinct interviews, thus making the rule of completeness inapplicable. See Harrington v. United States, 504 F.2d 1306, 1315 (1st Cir. 1974) ("No rule of 'completeness' requires the admission of separate and distinct documents merely because they were executed on the same day.")

Therefore, the Court finds that defendant Bauzo may not elicit the out-of-court statement pursuant to the rule of completeness.

## III. CONCLUSION

For the reasons expressed above, the Court **GRANTS** the government's motion *in limine*. Defendant Bauzo is **ORDERED** to not introduce his out-of-court statement that "*he did not know*

*where the firearm recovered on the floorboard of his vehicle came from.*"

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 30, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge