## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

      **Plaintiff,**

              **v.**                  **CRIMINAL NO.** 12-602 (FAB)

JAIME BAUZO-SANTIAGO

      **Defendant.**

### MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is defendant Jaime Bauzo-Santiago's motion *in limine* to preclude the government from introducing a statement purportedly made by defendant Bauzo in a letter to the Court. After considering the defendant's motion, (Docket No. 132), and the government's response, (Docket No. 153), the Court **DENIES** defendant Bauzo's motion.

## I.   BACKGROUND

The statement at issue is found in a handwritten letter addressed to Judge Carmen Cerezo, to whom this case was originally assigned,[1] and purportedly signed by defendant Bauzo.[2]

---

[1] Judge Cerezo requested that the trial of this case be heard before me because she is currently trying a lengthy criminal trial. Criminal No. 09-165 (CCC).

(Docket No. 94.)   The letter requests that the Court appoint a new attorney for defendant Bauzo because his Court-appointed counsel, Assistant Federal Public Defender (AFPD) Carlos A. Vazquez ("Mr. Vazquez"), "[did] not have interest in [his] case" and because defendant Bauzo "[did] not have good communication" with Mr. Vazquez.  Id.  The letter also states as follows: "I[,] Jaime Bauzo Santiago[,] number 40236-069[,] have always accepted my responsibility of guilt, the only thing that I ask is that it be a reasonable time for the weapons law crime."[3]  Id.  Defendant Bauzo is currently facing a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Docket No. 9.)

     The letter's envelope is postmarked March 12, 2014, (Docket No. 94-1), which is one week before AFPD Vazquez and AFPD Thomas Trebilcock-Horan filed a sealed motion to withdraw as counsel for defendant Bauzo on March 19, 2014, (Docket No. 90).   The

_____

[2] The Court notes that defendant Bauzo, through counsel, does not admit to the authenticity of the letter.  See Docket No. 132 at ¶¶ 3, 6 (stating that the letter was "purportedly sent by the defendant" and challenging whether "it may be proven that the statement was made by the defendant").

[3] The original letter is written in Spanish, and the parties have not provided the Court with a certified translation.   For purposes of this Memorandum and Order, the Court translates from the original Spanish text, which reads as follows: "Yo Jaime Bauzo Santiago con el número 40236-069 siempre he aceptado mi responsabilidad de culpabilidad, lo único que yo le pido es que sea un tiempo razonable por el delito de la ley de arma." (Docket No. 94.)

Clerk received the letter on May 20, 2014, and filed it that same day on the docket as a *pro se* motion to appoint counsel. (Docket No. 94.)  On May 28, 2014, the Court then granted Mr. Vazquez and Mr. Trebilcock-Horan's motion to withdraw as attorneys, and new counsel was appointed for defendant Bauzo. Attorney Laura Maldonado-Rodriguez appeared as his counsel (Docket Nos. 95-96.)

On September 29, 2014, the government filed a second amended formal notice for designation of evidence and designated, *inter alia*, "Defendant's incriminatory statement as filed on Docket Entry 94" as evidence for the government's case in chief.  (Docket No. 125.)  On September 30, 2014, defendant Bauzo filed a motion *in limine* to preclude the government from introducing the statement contained in Docket No. 94, (Docket No. 132), and the government opposed the motion, (Docket No. 153).

## II.  ANALYSIS

Defendant Bauzo raises three evidentiary arguments in his motion *in limine*: (1) that the statement lacks corroborating circumstances indicating trustworthiness as required by Federal Rule of Evidence 804(b)(3)(B), (2) that the statement engages in plea negotiations pursuant to Federal Rule of Evidence 410, and (3) that the statement's probative value is substantially

outweighed by its danger of unfair prejudice and confusing the jury.  (Docket No. 132.)

### A.   The Statement is Not Hearsay if Introduced by the Government

An out-of-court statement made by a party and offered against that party is not hearsay.  Fed. R. Evid. 801(d)(2)(A).  Therefore, the rule against hearsay, Fed. R. Evid. 802, does not prohibit the government from introducing a statement made by defendant Bauzo because such a statement is not hearsay.

Defendant Bauzo argues that the statement in question "lacks the corroborating circumstances that clearly indicate trustworthiness required by Federal Rule [of Evidence] 804(b)(3)(B)."  (Docket No. 132 at ¶ 7.)  Federal Rule of Evidence 804(b)(3) ("Rule 804(b)(3)") provides an exception to the rule against hearsay for statements against interest and requires that those statements are "supported by corroborating circumstances that clearly indicate its trustworthiness."  Fed. R. Evid. 804(b)(3).  Because the statement at issue here is not hearsay, however, the hearsay exception found in Rule 804(b)(3) does not apply, and defendant Bauzo's argument of lack of trustworthiness is therefore unavailing.

### B.   The Statement was Not Made During Plea Negotiations Pursuant to Federal Rule of Evidence 410

Defendant Bauzo argues that the letter's reference to "accepting responsibility" and request for a "reasonable time for the offense" imply that the defendant was engaging in plea negotiations, and that, therefore, the statement should be excluded pursuant to Federal Rule of Evidence 410 ("Rule 410") and Federal Rule of Criminal Procedure 11(f).   (Docket No. 132 at ¶¶ 10-11.)   Federal Rule of Criminal Procedure 11(f) provides that the "admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410."   Fed. R. Crim. P. 11(f).   Rule 410 provides as follows:

> In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: (1) a guilty plea that was later withdrawn; (2) a nolo contendere plea; (3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

Fed. R. Evid. 410(a).   Because defendant Bauzo did not make a plea or engage in a plea proceeding, see Fed. R. Evid. 410(a)(1-3), the Court interprets the defendant's argument as relying on the fourth provision of Rule 410(a).   Rule 410(a)(4)'s narrow

scope is clear, however, in that the exclusionary rule applies only to "a statement made during plea discussions *with an attorney for the prosecuting authority*." Fed. R. Evid. 410(a)(4) (emphasis added). Here, defendant Bauzo purportedly made the statement in a letter addressed to Judge Cerezo, and not to "an attorney for the prosecuting authority." See id.; Docket No. 94; see also United States v. Perez-Franco, 873 F.2d 455, 461 (1st Cir. 1989) (finding that Rule 410 "has been consistently interpreted by the courts to protect only those statements made by a defendant to the prosecuting attorney himself"). Further, there is no indication that defendant Bauzo was engaging in plea discussions at the time he wrote the letter. See United States v. Penta, 898 F.2d 815, 817-18 (1st Cir. 1990) (finding that "plea discussions" in Rule 410 "means plea discussions, and not simply anything that might ultimately lead to such," explicitly rejecting the argument that a "preliminary discussion must be considered as part of the overall plea bargaining process"). Thus, the Court concludes that the protection afforded by Rule 410 does not apply to defendant Bauzo's statement.

**C.    The Statement is Relevant and its Probative Value is Not Substantially Outweighed by a Danger of Unfair Prejudice or Confusing the Issues**

Pursuant to Federal Rule of Evidence 402, "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court," and "[i]rrelevant evidence is not admissible."  Fed. R. Evid. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  The Court finds that defendant Bauzo's statement "I . . . have always accepted my responsibility of guilt" in the same sentence that he mentions "the weapons law crime," in a letter addressed to the Court while a firearms charge is pending against him, is relevant because it tends to show that defendant Bauzo admits culpability for the firearms crime.  <u>See</u> Docket Nos. 9, 94.

Defendant Bauzo argues that the Court should exclude the statement pursuant to Federal Rule of Evidence 403 ("Rule 403").  (Docket No. 132 at ¶ 6.)  Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice,

confusing the issues, [or] misleading the jury."  Fed. R. Evid.
403.

        Defendant Bauzo argues that "given the circumstances
under which the statement was made," that is, in a *pro se* letter
to the Court seeking the appointment of new counsel,
introduction of the statement would unfairly prejudice the
defendant.  (Docket No. 132 at ¶ 6.)  "In balancing the scales
of Rule 403, it is important to note that only 'unfair'
prejudice is to be avoided, as 'by design, all evidence is meant
to be prejudicial.'"  United States v. Morales-Aldahondo, 524
F.3d 115, 119 (1st Cir. 2008) (citing United States v.
Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000)).  "Evidence is
generally deemed unfairly prejudicial if it has an undue
tendency to prompt a decision by the factfinder on an improper
basis."  United States v. Benedetti, 433 F.3d 111, 118 (1st Cir.
2005); see also Old Chief v. United States, 519 U.S. 172, 180
(1997) ("The term 'unfair prejudice,' as to a criminal
defendant, speaks to the capacity of some concededly relevant
evidence to lure the factfinder into declaring guilt on a ground
different from proof specific to the offense charged.")

        While the Court agrees that had defendant Bauzo sent
the letter with the assistance of counsel, he may "have known
that the pleading should have been made under seal," (Docket No.

132 at ¶ 6), there is no indication that defendant Bauzo made the statement involuntarily.  Id.  The Court therefore finds that defendant Bauzo's voluntary statement tending to admit culpability for the firearms charge is probative of his guilt. Because a factfinder can properly rely on incriminatory statements to find guilt, the Court also finds that introduction of the statement at trial would not present any unfair prejudice.  See United States v. Wilson, 798 F.2d 509, 514 (1st Cir. 1986) (finding that the defendant's "handwritten incriminatory statement uttered without any indication of coercion whatsoever" was "probative" and its introduction at trial did not "generat[e] excessive prejudice").

        Defendant Bauzo also argues that introduction of the statement would confuse the jury because it would require defense counsel, through the assistance of an expert, to put the statement in context by explaining what happened with defendant Bauzo's former "undesired, uncommunicative, not interested attorney."  (Docket No. 132 at ¶ 8.)  The government has offered to redact the letter to exclude any mention of the conflict with defendant Bauzo's former attorney.  (Docket No. 153-2.)  If defendant Bauzo nonetheless seeks to introduce and explain the full context of the statement, the Court fails to see how this

would "confus[e] the issues" or "mislead[] the jury." See Fed. R. Evid. 403.

Finally, defendant Bauzo argues that, pursuant to United States v. Bresil, No. 13-1066, 2014 WL 4744670 (1st Cir. Sept. 24, 2014), a continuance would have to be granted to allow the defendant time to secure an expert to explain the statement's context. (Docket No. 132 at ¶ 8.) Defendant Bauzo's reliance on Bresil, however, is misplaced. In Bresil, the government first informed the defendant of its intention to call an expert witness five days before trial. 2014 WL 4744670 at *2. The First Circuit Court of Appeals found that the government's notice was "plainly untimely" and in violation of Federal Rule of Criminal Procedure 16(a)(1)(G). Id. at *2-3. Although the government here did not specifically designate as evidence the defendant's statement until one week before trial, (Docket No. 125), that evidence, unlike expert witness testimony, does not fall within Federal Rule of Criminal Procedure 16(a)'s timely disclosure requirement because the evidence was not in the government's custody. See Fed. R. Crim.

P. 16(a)(1)(B)(i).[4]  To the contrary, the statement was filed and available on the public docket, accessible by both the government and defense counsel, since May 20, 2014.  (Docket No. 94.)  Neither defendant Bauzo nor his defense counsel moved to strike the letter from the record or seal it on the docket in the four months that passed before the government designated the statement in the letter as evidence, (Docket No. 125).  Thus, there was no unfair surprise to the defendant, and a continuance is not warranted.

### III. CONCLUSION

For the reasons expressed above, the Court **DENIES** defendant Bauzo's motion *in limine*.  The government is hereby **ORDERED** to file a certified translation, in compliance with Local Rule 5(g), of the *pro se* motion filed at Docket No. 94 that it intends to admit as evidence at trial, on or before **October 8, 2014.**

---

[4] "Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing . . . any relevant written or recorded statement by the defendant if: the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists."  Fed. R. Crim. P. 16(a)(1)(B)(i).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 3, 2014.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        United States District Judge