IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff**,

v.

**Criminal No.** 12-602 (FAB)

JAIME BAUZO-SANTIAGO,

**Defendant.**

MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is defendant Jaime Bauzo-Santiago's motion for reconsideration of the Court's order denying his use of an expert. (Docket No. 145.)  For the reasons explained below, the Court **DENIES** the motion for reconsideration.

I.  **BACKGROUND**

On August 2, 2012, defendant Bauzo was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (Docket No. 9.)  Assistant Federal Public Defender Carlos A. Vazquez represented defendant Bauzo until May 28, 2014, and Laura Maldonado-Rodriguez has represented the defendant since that date.  (Docket No. 96.)  On August 4, 2014, the Court issued the following scheduling order: plea negotiations to conclude by August 29, change of plea motion due by September 8, and jury trial set for October 6, 2014.  (Docket No. 109.)  On October 1, 2014, five days before trial was set to begin, defendant Bauzo filed an

*ex-parte* notice of intent to use an expert to testify as to the authenticity of the defendant's signature on the waiver of rights executed by a Puerto Rico Police Department ("PRPD") officer the day defendant Bauzo was arrested.  (Docket No. 138.)  The Court issued an order on October 1 denying the use of this expert because the notice was late.  (Docket No. 140.)  On October 2, 2014, defendant Bauzo filed an *ex-parte* motion for reconsideration of that order.  (Docket No. 145.)

## II.  ANALYSIS

### A.  Defendant Bauzo's Notice was Untimely

"[T]he case law is clear that it is not an abuse of discretion for a trial court to disallow expert testimony where a late proffer of evidence by the defense substantially prejudices the government in its ability to find its own expert and conduct similar testing."  <u>United States v. Holmes</u>, 670 F.3d 586, 598-99 (4th Cir. 2012) (quoting <u>United States v. Dorsey</u>, 45 F.3d 809, 816 (4th Cir. 1995)) (finding that the district court did not abuse its discretion in excluding expert testimony when defendants gave the government only three days' notice); <u>see also</u> <u>United States v. Curry</u>, 977 F.2d 1042, 1052 (7th Cir. 1992) (finding that the district court did not abuse its discretion in excluding expert testimony when defendants gave the government only four days' notice of their intent to call the expert); <u>United States v. Dowling</u>, 855 F.2d 114, 118 (3d Cir. 1988) <u>aff'd</u>, 493 U.S. 342

(1990) (finding that the district court did not abuse its discretion in excluding expert testimony when defendant gave the government only five days' notice of the proposed proffer).

Here, defendant Bauzo first gave notice of his intent to use an expert to testify as to the authenticity of the signature on the waiver of rights on October 1, 2014, five days (and three business days) before trial was scheduled to begin. (Docket No. 138.) Defendant Bauzo has not offered a good reason for this delay. Defendant Bauzo was indicted over two years ago, and the issue of the admissibility of his statements to PRPD officers after signing a waiver of his rights was argued at two suppression hearings, but the defendant never put the government on notice that signature authenticity would be an issue until five days before trial was scheduled to begin. See Docket Nos. 9, 46, 76. Although defendant Bauzo was represented by his former counsel at those suppression hearings, his current counsel has represented him for over four months and yet waited until days before trial to give notice. The Court finds that this late notice substantially prejudices the government in its ability to find its own expert on the issue. Indeed, the expert report was provided to the government on October 6, 2014, a week before the trial is scheduled

to commence (Docket No. 160).  Therefore, the Court excludes the expert testimony in the interest of fairness.[1]

### B.   Defendant Bauzo's Proposed Expert Testimony Will Not Help the Jury

Pursuant to Federal Rule of Evidence 702, an expert may testify concerning "scientific, technical, or other specialized knowledge" if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  The First Circuit Court of Appeals takes a common sense approach to determine whether an expert's testimony will help the trier of fact.  "Expert testimony on a subject that is well within the bounds of a jury's ordinary experience generally has little probative value." United States v. Montas, 41 F.3d 775, 784 (1st Cir. 1994).

Here, defendant Bauzo's expert would testify that a comparison of the signature purported to be the defendant's on the waiver of rights with the defendant's signature on other documents reveals that the signature on the waiver of rights is not the defendant's.  (Docket No. 138 at ¶ 3.)  This proposed expert testimony will not assist the jury because it is well within the

---

[1]  The fact that the trial was continued to October 14, 2014 at defense counsel's request due to her son's illness (Docket Nos. 155, 158) does not change the Court's analysis or holding, especially because the report was provided to the government on October 6, 2014 by filing it at 4:52 p.m. a week before the date the trial is to commence, even after the notice of intent to present an expert witness was filed *ex parte*.

jury's experience to compare signatures for their authenticity and similarity.  See Fed. R. Evid. 901(b)(3) (permitting an "expert witness or the trier of fact" to authenticate an item of evidence by comparing it with an authenticated specimen) (emphasis added); United States v. Scott, 270 F.3d 30, 49 n.13 (1st Cir. 2001) (stating that Federal Rule of Evidence 901(b)(3) permits a trier of fact to identify handwriting as the alleged author's by comparing a sample with authenticated specimens); see also United States v. Spano, 421 F.3d 599, 605 (7th Cir. 2005) ("[N]o rule of evidence makes a jury incompetent to determine the genuineness of a signature by comparing it to a signature known to be genuine."); United States v. Wylie, 919 F.2d 969, 978 (5th Cir. 1990) (finding that it is "not a corruption of the jury function to have juries decide whether a defendant's handwriting matches that in another document" because Federal Rule of Evidence 901(b)(3) "allows triers of fact to determine the genuineness of handwriting themselves"); Greater Kansas City Laborers Pension Fund v. Thummel, 738 F.2d 926, 928 (8th Cir. 1984) ("[G]enerally the trier of fact may compare a contested sample of handwriting with an authenticated sample and decide that the contested sample is authentic even in the absence of expert testimony.").  Thus, the Court's exclusion of the expert testimony does not preclude defendant Bauzo from presenting the issue to the jury at trial and relying on the jury to determine the authenticity of the signature on the waiver of rights.

**III. CONCLUSION**

For the reasons expressed above, the Court **DENIES** defendant Bauzo's motion for reconsideration.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 6, 2014.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE