```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, v. JAIME BAUZO-SANTIAGO, **Defendant.** | **Criminal No.** 12-602 (FAB) |

### MEMORANDUM AND ORDER

BESOSA, District Judge.

Defendant Jaime Bauzo-Santiago filed a motion *in limine* to preclude the government from eliciting testimony that defendant Bauzo was arrested in a "high-crime incidence area" where police patrolled with multiple units "for their safety." (Docket No. 152.) For the reasons explained below, the Court **GRANTS** the motion *in limine*, but if defendant Bauzo opens the door by challenging the credibility of the police officer who arrested the defendant, then the testimony will be admissible.

### I.    BACKGROUND

Defendant Bauzo was arrested on July 24, 2012, on Caoba Street in the area of *La Cerámica*, Carolina, after Puerto Rico Police Department ("PRPD") Agent Eduardo Santos-Dávila found a firearm on the floor of the driver's side of defendant Bauzo's vehicle. On August 2, 2012, defendant Bauzo was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Criminal No. 12-602 (FAB)                                          2

(Docket No. 9.)  Two suppression hearings were subsequently held to determine whether probable cause existed to search defendant Bauzo's vehicle.

The first suppression hearing was held before Magistrate Judge Camille Velez-Rive on March 7, 2013.  (Docket No. 46.)  At that hearing, PRPD Agent Santos testified that his duty was to make "preventive rounds in areas of a high crime rate" and that he patrolled Caoba Street the night defendant Bauzo was arrested because it is "where a known drug point is operated."  (Docket No. 56 at p. 14.)  He stated that he knew that Caoba Street was a high-crime area because "hundreds of arrests" had been conducted there during the approximately nine years that he worked for the PRPD.  Id. at p. 27.

A *de novo* suppression hearing was held before Judge Carmen Cerezo on December 11, 2013.  (Docket No. 76.)  At that hearing, Agent Santos testified that his duty as an agent was to "do preventive rounds in high criminal incidence areas."  (Docket No. 87 at pp. 6, 10, 13-14.)  Agent Santos stated that on the evening of defendant Bauzo's arrest, Agent Santos had decided "to go into the Cerámica Caoba Street area because that area is known as a drug point."  Id. at p. 8.  He also stated that he was accompanied by two other patrol units because, when "patrolling in high criminal incidence areas, for [the officers'] own safety [they] are always accompanied by other units."  Id. at p. 14.

Criminal No. 12-602 (FAB)                                                3

## II. ANALYSIS

On October 2, 2014, defendant Bauzo moved *in limine* to preclude the government from eliciting testimony that defendant Bauzo was arrested in a "high-crime incidence area" where police patrolled with multiple units "for their safety."  (Docket No. 152.)  Defendant Bauzo argues that the statements are not relevant to the jury's inquiry and that admission of the statements would be unfairly prejudicial.  Id. at ¶¶ 3-7.

Pursuant to Federal Rule of Evidence 402, "[r]elevant evidence is admissible unless any of the following provides otherwise:  the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court," and "[i]rrelevant evidence is not admissible."  Fed. R. Evid. 402.  "Evidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.  "In balancing the scales of Rule 403, it is important to note that only 'unfair' prejudice is to be avoided, as 'by design, all evidence is meant to be prejudicial.'" United States v. Morales-Aldahondo, 524 F.3d 115, 119 (1st Cir. 2008) (citing United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000)).  "Evidence is generally deemed unfairly prejudicial if it

Criminal No. 12-602 (FAB)                                                    4
_____

has an undue tendency to prompt a decision by the factfinder on an improper basis."  United States v. Benedetti, 433 F.3d 111, 118 (1st Cir. 2005); see also Old Chief v. United States, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.")

Here, testimony that defendant Bauzo was arrested in a "high-crime area" where police took precautions "for their safety" is not relevant to or probative of defendant Bauzo's guilt for the charge of being a felon in possession of a firearm.  There is some risk that this testimony may prompt a jury to view defendant Bauzo as a dangerous criminal because he was arrested in a dangerous, high-crime area.  The jury may be more inclined to convict him on the firearms charge based on this irrelevant testimony.  Therefore, because the testimony is irrelevant, has no probative value, and creates a marginal risk of unfair prejudice, the Court **GRANTS** defendant Bauzo's motion *in limine* to exclude the testimony pursuant to Federal Rules of Evidence 402 and 403.

The Court nonetheless continues its analysis by discussing how defendant Bauzo may open the door to the testimony's admissibility. If defendant Bauzo challenges the credibility of PRPD Agent Santos during cross-examination, then testimony that he was on routine patrol in a high-crime area with back-up officers for safety would

Criminal No. 12-602 (FAB)                                                        5

be relevant to explain the full context of PRPD Agent Santos's actions the evening of defendant Bauzo's arrest.  See United States v. Bookman, 278 F. App'x 181, 183 (3d Cir. 2008) (finding that the district court did not err by admitting evidence that defendant was arrested in a high-crime area because defendant "challenged the credibility of the officer who initially observed the handgun" thereby "open[ing] the door for testimony explaining the exact circumstances under which the officer made his observation" and the "fact that the officer was on supplemental patrol in a high-crime area is relevant for this reason"); United States v. Warren, 37 F. App'x 88, at *1 (5th Cir. 2002) (finding that the district court did not err by admitting evidence that defendant was arrested in a high-crime area because the "evidence was presented to explain the police's presence and conduct rather than to suggest anything about" defendant).  Pursuant to Federal Rule of Evidence 403, the Court balances this relevance with the testimony's danger of causing unfair prejudice.  The Court finds that the risk of unfair prejudice is marginal, particularly because it describes the Caoba Street area and does not make any specific connection to defendant Bauzo's character, actions, criminal propensity, or criminal history.  Further, any unfair prejudice can be mitigated by instructing the jury to consider the evidence for the limited purpose of assessing PRPD Agent Santos's credibility and not for the improper purpose of inferring that defendant Bauzo is a

dangerous criminal because he was arrested in a dangerous, high-crime area.  Thus, if defendant Bauzo challenges PRPD Agent Santos's credibility, thereby making the "high-crime" and "officer safety" testimony relevant, the Court will allow the testimony to be admitted because its marginal danger of unfair prejudice would not "substantially outweigh" the testimony's probative value.  See Fed. R. Evid. 403.

### III. CONCLUSION

For the reasons expressed above, with respect to testimony that defendant Bauzo was arrested in a high-crime area where police patrolled with multiple units for their safety, the Court **ORDERS** the government to not mention this testimony during its opening statement or elicit the testimony from witnesses on direct examination.  If defendant Bauzo opens the door by challenging PRPD Agent Santos's credibility, however, then the testimony will be admissible.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 8, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE