```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. JAIME BAUZO-SANTIAGO, **Defendant.** | **Criminal No.** 12-602 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On October 2, 2014, defendant Jaime Bauzo-Santiago filed a motion *in limine* to preclude the government from eliciting testimony that defendant Bauzo was arrested in a "high-crime area" where police patrolled with multiple units "for their safety." (Docket No. 152.)  On October 8, 2014, the Court issued a memorandum and order granting defendant Bauzo's motion *in limine* to exclude the testimony, but explaining that if defendant Bauzo opens the door by challenging the credibility of the police officer who arrested the defendant, then the testimony will be admissible. (Docket No. 170.)  On that same day, the government filed a motion for reconsideration of the Court's order.  (Docket No. 171.)  For the reasons explained below, the government's motion for reconsideration is **DENIED.**

Criminal No. 12-602 (FAB)                                                      2

## I.  The Government's Reliance on Terry Case Law is Inapposite

In its motion for reconsideration, the government relies extensively on case law applying the United States Supreme Court's holding in Terry v. Ohio, 392 U.S. 1, 30 (1968).  (Docket No. 171 at ¶¶ 19-25, 31.)[1]  Terry and its progeny address the constitutionality of brief investigatory stops and limited searches conducted by police in the absence of probable cause.  Courts apply the Terry analysis to determine whether evidence seized during an investigatory stop should be suppressed as the fruit of a Fourth Amendment violation.[2]  Thus, the Terry analysis is a legal analysis conducted by courts.   Here, suppression of evidence is not at

---

[1] The government cites the following cases, which all address suppression of evidence seized during a Terry stop and search: Illinois v. Wardlow, 528 U.S. 119 (2000); United States v. Sharpe, 470 U.S. 675 (1985); United States v. Cortez, 449 U.S. 411 (1981); United States v. Ruidiaz, 529 F.3d 25 (1st Cir. 2008); United States v. Andrade, 551 F.3d 103 (1st Cir. 2008); United States v. Wright, 485 F.3d 45 (1st Cir. 2007); United States v. Romain, 393 F.3d 63 (1st Cir. 2004); United States v. Trullo, 809 F.2d 108 (1st Cir. 1987); United States v. Streifel, 781 F.2d 953 (1st Cir. 1986); United States v. McHugh, 769 F.2d 860 (1st Cir. 1985); United States v. Hall, 525 F.2d 857 (D.C. Cir. 1976); United States v. Magda, 547 F.2d 756 (2d Cir. 1976).

[2] The Supreme Court has recognized that "the fact that the stop occurred in a 'high crime area' [is] among the relevant contextual considerations in a Terry analysis." Wardlow, 528 U.S. at 124; see also United States v. Am, 564 F.3d 25, 32 (1st Cir. 2009) (affirming the district court's denial of a motion to suppress evidence seized during a Terry stop and finding that "high-crime area" is a relevant factor to establish the reasonable suspicion required for a Terry stop).

Criminal No. 12-602 (FAB)                                              3

issue,[3] and the jury will be tasked with determining whether defendant Bauzo is guilty of the crime charged, not with determining whether evidence should be suppressed.  The government's attempt to apply <u>Terry</u> and its progeny to the jury's proper fact-finding function is, therefore, misplaced and unavailing.  The government does not cite any case that supports its argument that testimony that a defendant was arrested in a high-crime area is relevant to or probative of the defendant's **guilt**.  This Court finds that this evidence is not relevant to or probative of defendant Bauzo's guilt.  <u>See</u> <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1194 (1st Cir. 1993) ("Relevance is defined in terms of probative value, *see* Fed. R. Evid. 401, and trial courts are afforded wide discretion in assessing the relevance and probative value of proffered evidence.").

**II.  The Evidence is Relevant Only if Defendant Bauzo Opens the Door**

The government contends that <u>United States v. Bookman</u>, 278 F. App'x 181, 183 (3d Cir. 2008), supports the admissibility of evidence regarding high-crime areas in the government's case in chief.  (Docket No. 171 at ¶ 16.)  The Court agrees, but only to the extent that the defendant first opens the door by challenging

---

[3] On January 16, 2014, after holding a *de novo* hearing, the Court denied defendant Bauzo's motion to suppress both the seized firearm and the defendant's post-arrest statements.  (Docket No. 81.)

Criminal No. 12-602 (FAB)                                                        4

the credibility of the arresting officer.  The Third Circuit Court of Appeals explained as follows:

> As an integral part of his defense, Bookman challenged the credibility of the officer who initially observed the handgun in his waistband.  By raising this challenge, Bookman opened the door for testimony explaining the exact circumstances under which the officer made his observation.  The fact that the officer was on supplemental patrol in a high-crime area is relevant for this reason.

Bookman, 278 F. App'x at 183.  Accordingly, this Court held in its October 8, 2014 memorandum and order (Docket No. 170) that if defendant Bauzo challenges the credibility of the police officer who arrested him, then testimony that the officer was on routine patrol in a high-crime area with back-up officers for safety would be relevant to explain the full context of the officer's actions the evening of defendant Bauzo's arrest.  (Docket No. 170 at pp. 4-6.)  The Court will not prematurely speculate as to what challenges or defenses, if any, defendant Bauzo will raise at trial.

## III. Conclusion

For the reasons expressed above, the Court **DENIES** the government's motion for reconsideration.  The Court's order dated October 8, 2014, (Docket No. 170), is sustained.  The Court **ORDERS** the government to not mention or elicit testimony that defendant Bauzo was arrested in a high-crime area where police patrolled with multiple units for their safety, **unless and until** defendant Bauzo opens the door by challenging the credibility of the police officer

Criminal No. 12-602 (FAB)                                                    5

who arrested the defendant.  If defendant Bauzo opens the door - whether in his opening statement, during cross-examination, or in his case in chief - the testimony will be admissible thereafter, and the Court may issue a limiting instruction to the jury if the testimony is admitted.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 10, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE